IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN J. NICHOLS, M. D.

    Plaintiff,

v.

AMERIHEALTH CARITAS SERVICES, LLC

    Defendant.

No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Karen J. Nichols, M. D., files this Complaint against Defendant AmeriHealth Caritas Services, LLC, and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Count I of Plaintiff's Complaint which is based upon a law of the United States of America, the Fair Labor Standards Act - Equal Pay Act, 29 U. S. C. §206(d) ("Equal Pay Act").

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00 over Plaintiff's lifetime, exclusive of interest and costs.

5. Plaintiff will also be filing an administrative claim with the Equal Employment Opportunity Commission ("EEOC") for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991 ("Title VII").

6. Plaintiff may amend this Complaint to add a cause of action under Title VII upon receipt of appropriate authority from the EEOC.

## Parties

7. Plaintiff Karen Nichols, M. D. ("Nichols") is a female who resides at 512 Dupont Street, Philadelphia, PA 19128.

8. Defendant AmeriHealth Caritas Services, LLC, (hereinafter, "AmeriHealth") is a Delaware corporation, authorized to do business in the Commonwealth of Pennsylvania, with a principal place of business located at 200 Stevens Drive, Philadelphia, PA 19113.

9. At all times, relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, during their employment and under the direct control of Defendant.

## Factual Background

10. Plaintiff Nichols is a Board Certified Medical Doctor in Internal Medicine with over 20 years of experience.

11. AmeriHealth provides comprehensive health care solutions for more than five million members nationwide who are insured through publicly-funded medical insurance programs that include Medicare.

12. As of July 8, 2013, Plaintiff Nichols commenced employment with Defendant AmeriHealth as Chief Medical Officer for VIP Medicare Plans for the AmeriHealth Caritas Family of Companies.

13. When Plaintiff Nichols was hired, it was contemplated that as Chief Medical Officer she would be responsible for Medicare plans in Pennsylvania and at some point, Medical Directors hired in other states would report to her.

14. Plaintiff Nichols has remained continuously employed by Defendant AmeriHealth for over three and one-half years.

15. In her 2013, 2014 and 2015 annual performance ratings, Plaintiff Nichols received an overall performance rating of "Effective", which Defendant AmeriHealth defined as, "Performance consistently met expectations in all essential areas of responsibility, at times possibly exceeding expectations, and the overall quality of work was very good."

16. In 2016, Defendant AmeriHealth changed its performance rating categories, and in her 2016 annual performance evaluation, Plaintiff Nichols received an overall performance rating of "Meets Expectations", defined as, "Demonstrates sound and solid performance in the behavioral standard category being evaluated and may have exceeding in some areas."[1]

17. Plaintiff Nichols' annual compensation package includes a salary, bonus and employment benefits.

18. In April 2015, Defendant AmeriHealth hired Physician 1, a male, as Medical Director for its Michigan region.[2]

19. Plaintiff Nichols graduated medical school three years prior to Physician 1 and has more work experience than Physician 1.

20. Upon being hired, Physician 1 initially reported to Plaintiff Nichols.

21. Physician 1 was hired at a salary that was approximately twenty-seven per cent (27%) higher than Plaintiff Nichols' salary in April 2015.

---

[1] Plaintiff has received the second highest overall rating performance category rating in all four annual performance evaluations that she has received.
[2] In order to maintain privacy protection, Physician 1 and Physician 2 are not identified by name; and the salaries of Plaintiff, Physician 1 and Physician 2 are also not provided. Defendant has full knowledge of the identity of Physician 1 and Physician 2 and their respective salaries.

3

22. Physician 1 remains employed by Defendant AmeriHealth, and Physician 1 continues to be paid a salary that is approximately twenty-seven per cent (27%) higher than Plaintiff Nichol's salary.

23. Defendant AmeriHealth pays Medical Director level employees such as Plaintiff Nichols an annual bonus based a percentage of an employee's salary.

24. As a direct consequence of Physician 1 being paid a substantially higher salary than Plaintiff Nichols, Physician 1 also receives a higher bonus than Nichols.

25. In November 2016, Defendant AmeriHealth hired Physician 2, a male, as Medical Director for its South Carolina region.

26. Plaintiff Nichols graduated medical school eleven years prior to Physician 2 and has more work experience than Physician 2.

27. Physician 2 was hired at a salary that was approximately ten per cent (10%) higher than Plaintiff Nichols' salary in November 2016.

28. Physician 2 remains employed by Defendant AmeriHealth and Physician 2 continues to be paid a salary that is approximately ten per cent (10%) higher than Plaintiff Nichol's salary.

29. As a direct consequence of Physician 2 being paid a substantially higher salary than Plaintiff Nichols, Physician 2 also receives a higher bonus than Nichols.

30. Defendant AmeriHealth's original plan was to have Physician 2 report to Plaintiff Nichols.

31. When Physician 2 was hired; Plaintiff Nichols' duties were changed; Physician 1 no longer reports to Nichols and Physician 2 never reported to Nichols; Nichols' principal duty is to serve as Medical Director of the Pennsylvania Region.

32. The jobs performed by Plaintiff Nichols, and her male counterparts, Physician 1 and Physician 2, require the same skill, effort, and responsibility.

33. The position description and the performance standards for the jobs performed by Plaintiff Nichols, and her male counterparts, Physician 1 and Physician 2, were/are substantially the same, if not identical.

34. On several occasions, Plaintiff Nichols has requested that she be paid the same or more than her male counterparts, however, no adjustment has been made.

35. Throughout Plaintiff Nichols' career, Defendant AmeriHealth has engaged in a pattern and practice of discriminating against Nichols based upon her gender in that AmeriHealth pays males who perform the same or similar duties as Nichols, an annual salary and bonus that are substantially higher than Nichols.

36. Plaintiff Nichols has experienced considerable financial damage as a direct result of Defendant AmeriHealth's actions and lack thereof.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT- EQUAL PAY ACT

## 29 U. S. C. §206(d)

37. Paragraphs 1 to 36 are incorporated herein as if set forth in full.

38. Defendant AmeriHealth has discriminated against Plaintiff Nichols based on her sex by paying higher wages to male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

39. Defendant AmeriHealth's decision to pay higher wages to male employees is not based on a seniority system, a merit system; a system which measures earnings by quantity or quality of production; or a differential based on any other factor other than sex.

40. To the extent that Plaintiff Nichols has/had a higher level of skill, responsibilities, or duties than Physician 1 or and/or Physician 2, the higher level of skill, responsibilities, or duties, does not bar a finding that Defendant AmeriHealth has violated the Equal Pay Act.

41. Defendant AmeriHealth has not acted in good faith and did not have reasonable grounds for believing that violations of the Equal Pay Act are not occurring.

42 Defendant AmeriHealth's actions have been "willful" as said term is defined by 29 U.S.C. § 255(a).

43. The treatment Defendant AmeriHealth has accorded Plaintiff Nichols as specified above has violated and continues to violate the Equal Pay Act in that Defendant has failed to pay Nichols a salary, bonus and benefits equal to those of Defendant's male employees, who have jobs that are similar or substantially similar in terms of required skill, effort, and responsibility.

44. As a consequence of Defendant AmeriHealth's violations of the Equal Pay Act, Plaintiff has sustained damages in the form of lawful pay to which she is entitled.

WHEREFORE, Plaintiff Karen J. Nichols, M.D., requests that this Court (a) enter judgment in her favor against Defendant AmeriHealth Caritas Services, LLC, finding that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature; (b) enter an Order adjusting Plaintiff's salary and bonus to meet the level of her male counterparts; and (c) award Plaintiff damages, in the form of all compensation and monetary losses which she has been denied, including all wage damages available under the Fair

Labor Standards Act- Equal Pay Act, liquidated damages, pre-judgment interest, reasonable attorneys' fees, costs, and all other relief permitted under applicable law.

                                                  Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Dated: March 16, 2017                       Attorney for Plaintiff Karen Nichols, M. D.